UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| DENNIS SIEGEL, | ) | |
| | ) | Case Number: 3:10-cv-00042-TJS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| CONNECTICUT GENERAL LIFE | ) | |
| INSURANCE COMPANY and GROUP | ) | |
| LONG TERM DISABILITY FOR | ) | |
| SALARIED EMPLOYEES OF | ) | |
| LOCKHEED MARTIN CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion for Protective Order and Request for Oral Argument filed on March 09, 2011. (Clerk's No. 34). The motion was a response to plaintiff's, Dennis Siegel (hereinafter Siegel), serving of notices of deposition to Jack Greener, MD and Nick DeFilippis, Ph.D., and serving of a set of interrogatories. The parties have worked together to eliminate the deposition of Nick DeFilippis, but Siegel still seeks to depose Dr. Greener and have his interrogatories answered. Siegel filed a response to Defendants' motion on April 04, 2011. (Clerk's No. 43). Defendants then filed a reply on April 06, 2011. (Clerk's No. 44). Oral arguments were heard on April 08, 2011.

**I. Background**

On April 01, 2010, Siegel filed a Complaint against Defendants, Connecticut General Life Insurance Company (hereinafter "Connecticut General") and Group Long Term Disability for Salaried Employees of Lockheed Martin Corporation, based upon the Employee Retirement

Income Security Act of 1974 (ERISA). (Clerk's No. 1). He seeks "benefits due under the terms of employee welfare benefit plan entitled 'Group Long Term Disability for Salaried Employees of Lockheed Martin Corporation.'" (Id.) The welfare benefit plan is both underwritten and administered by the Connecticut General.

As set forth in the Complaint, Siegel was previously employed by Lockheed Martin as a software engineer. In April, 1995, he stopped working due to major depression. In October, 1995, he began receiving long-term disability benefits from Connecticut General. Siegel also began collecting Social Security disability benefits. Sometime around October, 2008, Connecticut General ceased Siegel's disability payments. Siegel appealed the termination of his long-term disability payments, but the decision was affirmed. In deciding whether to terminate Siegel's disability payments, Connecticut General sought the advice of Dr. Jack Greener, a psychiatrist. Dr. Greener reviewed Siegel's medical records and concluded that he believed Siegel did not qualify for long-term disability under the plan.

United States District Court Judge Charles R. Wolle previously ruled that the proper standard of review for the plan administrator's decision to deny benefits is de novo. (Clerk's No. 27). Pursuant to 28 U.S.C. § 636(c)(1) and the consent of the parties, the case was referred to the undersigned Chief Magistrate Judge for all further proceedings, including the entry of judgment. (See Consent (Clerk's No. 40) and Order (Clerk's No. 41)).

**II. Motion for Protective Order**

Defendants make three arguments in support of their motion for protective order. First, they claim that Siegel is seeking "conflicts discovery" and this type of discovery is inappropriate with de novo review. (Clerk's No. 35 at 3). Second, they argue that Siegel fails to meet the good

cause exception for de novo review discovery. Third, they state that allowing such discovery conflicts with the Congressional intent behind ERISA.

Siegel responds to Defendants' motion by arguing that this type of discovery is permissible under the de novo standard of review. He then claims that he fits the good cause exception to the general rule of avoiding this type of discovery. Finally, Siegel states that this discovery would not result in undue burden and therefore the court does not need to worry about the Congressional intent behind ERISA.

The Eighth Circuit standard for de novo review in ERISA cases precludes additional discovery without a showing of good cause. Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993). Siegel argues that a de novo review is actually not a "review" at all, but is comparable to a contract case. Citing the Seventh Circuit case Krolnik v. Prudential Ins. Co., he states that a judge must make an independent decision, and that this means the court considers new evidence, if there is a dispute about a material fact, and makes a decision about how the language of the contract applies to those facts. 570 F.3d 841, 843 (7th Cir. 2009). While Krolnik represents the Seventh Circuit interpretation of de novo ERISA review outlined in Firestone v. Bruch, 489 U.S. 101, 101 (1989), it does not stand for the Eighth Circuit standard. Siegel has offered no Eighth Circuit law to support his claim that new discovery should be allowed. The Court does not find his comparison persuasive and therefore does not grant new discovery based on this argument.

The Eighth Circuit does allow for additional discovery in de novo review ERISA cases when good cause is demonstrated. "[A] district court for good cause shown 'may allow the parties to introduce evidence in addition to that presented to the fiduciary.'" Ravenscraft v. Hy-Vee Employee Ben. Plan and Trust, 85 F.3d 398, 402 (Iowa 1996) (citing Donatelli, 992 F.2d at

765). It is in the court's discretion to allow additional discovery upon the showing of good cause. <u>Donatelli</u>, 992 F.2d at 765.

Siegel argues that he has shown good cause to allow the discovery. Citing a Fourth Circuit case outlining "exceptional circumstances" that warrant discovery beyond the administrative record, he claims that his request fits into the exception for "issues regarding the credibility of medical experts." <u>See</u> <u>Quesinberry v. Life Ins. Co. Of North Am.</u>, 987 F.2d 1017, 1027 (4th Cir. 1993). However, while the listed "exceptional circumstances" may be the applicable Fourth Circuit standard, the Eighth Circuit has simply stated that additional discovery with de novo review is to be avoided without demonstrated good cause.

In determining good cause, the Eighth Circuit has looked to both whether the new information sought should have been obtained and presented during the administrative proceedings and whether the information is necessary to supplement the administrative record. <u>See</u> <u>Sloan</u>, 475 F.3d at 1005; <u>Weber v. Saint Louis University</u>, 6 F.3d 558, 561 (8th Cir. 1993). In arguing that he has good cause, Siegel claims that one purpose of the discovery is to ascertain whether Dr. Greener had a financial motive to recommend discontinuing Siegel's benefits. Siegel seeks to prove that Dr. Greener was influenced by economic gain because he was routinely hired by Defendants as an independent evaluator of claimants. It is unclear whether this is the type of information that should have been introduced during the administrative proceedings. However, the evidence provided for the multiple hires is not persuasive. Without material evidence of bias, it appears that Siegel is attempting to go on a fishing expedition to hopefully discover evidence of Dr. Greener's bad faith. Mere speculation is not enough to qualify for a good cause exception.

Siegel also claims that the other purpose of the discovery is to "ascertain the basis of the

opinions [Dr. Greener] rendered." (Clerk's No. 43 at 1). However, Dr. Greener's report, containing his observations in reaching his conclusion, is already in the administrative record, eliminating the need for the deposition. Siegel does not meet the good cause exception for supplementing an incomplete record. A compelling good cause reason is not apparent to allow for the discovery.

Finally, the Eighth Circuit has stated that the purpose of discouraging discovery during de novo review is to "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." Donatelli, 992 F.2d at 765. Defendants argue that allowing Siegel to depose Dr. Greener and seek answers to their interrogatories will unduly delay the review of this case. They specifically argue that allowing the deposition of Dr. Greener is a fishing expedition and turns the court into "a substitute plan administrator." (Id.) Siegel counters by arguing that the "modest expenditure" is warranted due to its relevance to both the administrative denial and the merits of his claim.

The matter of discovery is purely within the discretion of this Court. Donatelli, 992 F.2d at 765. It is this Court's opinion that allowing the deposition of Dr. Greener and the answers to the interrogatories, without evidence of either falling under a good cause exception, would contradict the Eighth Circuit's purpose of ensuring expeditious judicial review.

**III. Conclusion**

Defendants' Motion for Protective Order is granted.

IT IS SO ORDERED.

Dated May 11, 2011.

THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE